[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12452
Non-Argument Calendar
_____

D.C. Docket No. 3:04-cr-00331-HLA-JRK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LORENZO LAVERNE GILMORE,
a.k.a. Swat,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 27, 2013)

Before TJOFLAT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Lorenzo Gilmore appeals pro se the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction.  After pleading guilty in 2005 to distributing crack cocaine, Gilmore was sentenced as a career offender to 188 months' imprisonment.   On appeal, Gilmore argues that he is entitled to a sentence reduction pursuant to Freeman v. United States, 564 U.S. ___, 131 S.Ct. 2685 (2011), and Amendment 750 to the United States Sentencing Guidelines ("U.S.S.G.").  After thorough review, we affirm.

We review de novo the district court's legal conclusions regarding the scope of its authority under § 3582(c)(2).  United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008).  Amendment 750 revised the crack cocaine quantity tables to conform to the Fair Sentencing Act of 2010, which amended certain statutory minimum sentences for crack cocaine offenses.  See U.S.S.G. App. C, Amend. 750.  It was made retroactive by Amendment 759, effective November 1, 2011. See id., Amend. 759.

A reduction is not consistent with the Guidelines' policy statement if the amendment does not have the effect of lowering the defendant's applicable guideline range.  U.S.S.G. § 1B1.10(a)(2)(B).  A reduction under § 3582(c)(2) is not authorized where the applicable amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline.  Moore, 541 F.3d at 1327-28.  This includes situations in which

the defendant's applicable guideline range is calculated through the application of the career offender guideline.  Id. at 1328.

Moore remains binding precedent in this Circuit.  United States v. Lawson, 686 F.3d 1317, 1321 (11th Cir.), cert. denied, 133 S. Ct. 568 (2012).  In Lawson, we expressly rejected the argument that Freeman overruled Moore.  Lawson, 686 F.3d at 1321.  Therefore, a defendant who was convicted of a crack cocaine offense but sentenced as a career offender remains ineligible for a § 3582(c)(2) reduction under Amendment 750.  Id.

Here, the district sentenced Gilmore for his crack cocaine offense as a career offender.  He does not, and has not, contested that he was properly designated as a career offender.  Gilmore's argument that he is entitled to a § 3582 reduction, despite his status as a career offender, is foreclosed by our decision in Lawson. See id.[1]

**AFFIRMED.**

---

[1] Further, because we do not address arguments raised for the first time in a pro se litigant's reply brief, we do not address any that Gilmore has raised there.  Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).